UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YVETTE JOY LIEBESMAN, individually and On behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) No. 4:14-CV-1653 RLW |
| v. | ) ) ) |
| COMPETITOR GROUP, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Collective Class Action Complaint (ECF No. 26). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Defendant Competitor Group, Inc. ("CGI"), a for-profit Delaware corporation with its principal place of business in the State of California, operates the Rock 'n' Roll Marathon/Half-Marathon Series of races. (Amended Complaint and Class Action Complaint ("Complaint" or "Compl."), ¶¶7-8). The Rock 'n' Roll Marathon/Half-Marathon Series has been staged in approximately twenty-four locations, including the St. Louis Rock 'n' Roll Marathon/Half Marathon, for the last two years. (Compl., ¶8). Plaintiff Yvette Joy Liebesman alleges that she "volunteered" as a bicycle escort in October 2012 and on October 21, 2012 for the Rock 'n' Roll Marathon in St. Louis, Missouri. (Compl., ¶6). Liebesman claims that she was led to believe

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

that her labor would be in support of local charities, the community, and other charitable purposes. (Compl., ¶54). However, she maintains that this was incorrect and she worked without proper compensation.

Liebesman purports to represent the following class:

> All persons who expended their time, labor, and efforts, purported in a volunteer capacity, on behalf of Defendant Competitor Group, Inc., in operating events in the Rock 'n' Roll Marathon from October 21, 2012 until present.

(Compl., ¶66). Liebesman alleges claims for violations of the Fair Labor Standards Act ("FLSA"), violations of state minimum wage laws, unjust enrichment, and fraud. CGI seeks to dismiss the all of the claims.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. FLSA Exemption

Under the FLSA, "employees" are required to receive a set minimum wage. 29 U.S.C. §206(a). CGI claims that the Rock 'n' Roll Marathon/Half Marathon Series is entitled to an exception to this requirement for amusement or recreational establishments under 29 U.S.C. §213(a)(3):

> The provisions of sections 206 (except subsection (d) in the case of paragraph (1) of this subsection) and 207 of this title shall not apply with respect to any employee employed by an establishment which is an amusement or recreational establishment, organized camp, or religious or non-profit educational conference center, if (A) it does not operate for more than seven months in any calendar year, or (B) during the preceding calendar year, its average receipts for any six months of such year were not more than 331/3 per centum of its average receipts for the other six months of such year[.]

CGI contends that Liebesman's FLSA claim should be dismissed based upon application of this exception.

A. Amusement or Recreational

CGI claims that it is exempt from FLSA coverage pursuant to 29 U.S.C. §213(a)(3)(A) because it is "an amusement or recreational establishment." CGI argues that the Rock 'n' Roll Marathon/Half-Marathon Series is designed as "recreation" or as a means to "relax or have fun." (ECF No. 34 at 7). It also emphasizes the event's "party-like atmosphere." (ECF No. 34 at 8). CGI refers the Court to *Chen v. Major League Baseball*, where the district court in the Southern District of New York held that the 2013 All Star Week festivities, in conjunction with the 2013 Baseball All Star Game in New York City, were an amusement or recreational establishment that

operated for fewer than eight months and, therefore, the Section 213(A)(3) exemption applied. 6 F. Supp. 3d 449, 460 (S.D.N.Y. 2014); *see also Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 595 (11th Cir. 1995) (holding that Defendant Sarasota White Sox, Inc., which owns a minor league baseball franchise, is an amusement and recreational establishment pursuant to 29 U.S.C. § 213); *Brennan v. Texas City Dike & Marina, Inc.*, 492 F.2d 1115, 1118 (5th Cir. 1974) (listing the following as exempt activities under Section 213(a)(3)("amusement parks, carnivals, circuses, sports events, parimutuel racing, sport boating or fishing")(citation omitted); *Mann v. Falk*, 523 F. App'x 549, 552 (11th Cir. 2013) (noting that "it is clear that a baseball team and a racetrack derive their income from the recreation that they provide" but holding that a recreational vehicle park did not qualify as a recreational establishment). CGI likens the mobile, temporary nature of the Rock 'n' Roll Marathon/Half Marathon Series to the Fanfest in *Chen*.

Liebesman contends that the Rock 'n' Roll Marathon/Half-Marathon Series events are not "amusement or recreational" because they are not spectator events. (ECF No. 33 at 8-9). Rather, Liebesman likens this case to unpaid labor to operate a for-profit gym or yoga class. (*Id.*)

The Court does not determine at this time whether the Rock 'n' Roll Marathon/Half-Marathon Series events were "amusement or recreational" events. The record before the Court is not developed as to whether the "*principal activity*" of the series was for amusement and recreation. *Donovan v. Fairfield Bay Cmty. Club, Inc.*, No. LR-81-669, 1983 WL 2140, at *1 (E.D. Ark. Sept. 27, 1983) (holding, on a motion for summary judgment, that defendant's marina was properly exempt under §213(a)(3) of the FLSA because it was an "amusement or recreational establishment"). The Court believes that discovery and development of the factual

record is necessary for it to determine what the "principal activity" of the Rock 'n' Roll Marathon/Half-Marathon Series is as a matter of law.

B. Separate Establishment

CGI contends that each Rock 'n' Roll Marathon/Half-Marathon Series event is an "establishment". (ECF No. 26-1 at 7). CGI argues that an "establishment" is a "distinct physical place of business." (ECF No. 26-1 at 7 (citing *Adams v. Detroit Tigers, Inc.*, 961 F. Supp. 176, 179 (E.D. Mich. 1997) (holding that the Tigers' batboys at Tigers' home baseball events were an establishment separate from the Tigers' organization as a whole)). Under the regulations, "establishment" is defined as a "'distinct physical place of business' rather than to 'an entire business or enterprise' which may include several separate places of business." 29 C.F. R. §779.23. "For example, a manufacturer may operate a plant for production of its goods, a separate warehouse for storage and distribution, and several stores from which its products are sold. Each such physically separate place of business is a separate establishment." 29 C.F.R. §779.303. CGI maintains that each event is a separate establishment because each operates in a distinct location in a different city and is separate from CGI's place of business in California. (ECF No. 26-1 at 7-8). CGI argues that its "establishment" is the "miles of city streets" that make up each race course." (ECF No. 34 at 11). CGI further maintains that Liebesman cannot aggregate all of the Rock 'n' Roll Marathon/Half-Marathon Series events together into one "enterprise-like super-establishment based upon business integration" because the definition of establishment is based upon the "distant physical space where the establishment is located." (ECF No. 26-1 at 8 (citing *Chen*, 6 F. Supp. 3d at 457 ("It is of no consequence that MLB "coordinated and controlled" the events of All Star Week from its corporate office, ... because physical distinctness, rather than operation or control, is what distinguishes an 'enterprise' from

an 'establishment' to which it may belong")). Moreover, CGI maintains that referring to the Rock 'n' Roll Marathon/Half-Marathon Series events as a "series" and a "tour" does not impact the analysis because "establishment" refers to a distinct physical place of business rather than an integrated enterprise. (ECF No. 26-1 at 8 (citing *Chessin v. Keystone Resort Mgmt., Inc.*, 184 F.3d 1188, 1192-93 (10th Cir. 1999) (six-mile separation between two ski resorts meant that they were two constitute separate establishments for the purposes of § 213(b)(29) even though they marketed their operations as one enterprise, exchanged some employees, and lacked separate accounting and management)). Likewise, CGI claims that the mobile nature of these temporary events does not affect whether each race is a separate establishment. (ECF No. 26-1 at 8-9) (citing *Chen*, 6 F. Supp. 3d at 452, 455 (FanFest in a different location every year was its own establishment); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 595 (11th Cir. 1995) ("Defendant's status as an amusement and recreational establishment is not rendered inapplicable by the fact that Defendant does not own the sports complex in which it operates.").

In response, Liebesman argues that the Rock 'n' Roll Marathon/Half-Marathon Series events are not separate establishments. Liebesman contends that CGI ignores 29 C.F.R. §779.305, entitled Separate establishments on the same premises, which provides that "two or more physically separated portions of a business though located on the same premises, and even under the same roof in some circumstances may constitute more than one establishment for purposes of exemptions." Liebesman also refers the Court to 29 C.F.R. §1620.9, an EEOC regulation interpreting "establishment" for purposes of the Equal Pay Act ("EPA").[2] 29 C.F.R. §1620.9 requires a "fact-dependent" inquiry to determine whether there is a single

---

[2] CGI argues that this rule applies only in the EPA context where the plaintiff bears the burden of proving wage discrimination and must compare himself or herself only to those working in the same "establishment." (ECF No. 34 at 5).

"establishment." Liebesman argues that the criteria from 29 C.F.R. §1620.9 are taken from *Brennan v. Goose Creek Consol. Indep. Sch. Dist.*, where the Fifth Circuit held that the Goose Creek Consolidated Independent School District was a single "establishment" because there was "a central authority was responsible for the janitors' employment and wages and often transferred them from one school to another." 519 F.2d 53, 58 (5th Cir. 1975); *see also Doe v. Butler Amusements, Inc.*, No. 13-CV-03027-JCS, 2014 WL 5465599, at *11 (N.D. Cal. Oct. 27, 2014) (on summary judgment, the Court declined to decide, however, whether individual carnivals should be found to be the relevant establishments because fact issues exist). Liebesman also attempts to distinguish *Chen v. Major League Baseball* because the FanFest event was a "small, ancillary portion of MLB's business—a once-a-year expo as a part of a larger set of once-a-year festivities, itself only a sliver of a much bigger operation of running the league [whereas] the Rock 'n' Roll Marathon events *are* CGI's business; the Series is what CGI does." (ECF No. 33 at 7-8) (emphasis in original).

The term "establishment" is not defined in the FLSA. At this early stage of litigation, the Court declines to decide whether the individual races should be found to be the relevant establishments, as CGI asserts, or rather, some other portion of CGI's business constitutes the "establishment." On this question, the Court finds that factual questions remain that make granting CGI's motion to dismiss on this issue inappropriate. In particular, the evidence in the record relating to the "miles of streets" that make up each race course being the "establishment" suggests that this case may present the unusual situation in which more than one physical location should be found to constitute a single establishment. *See* 29 C.F.R. § 1620.9(a)[3]; *see*

---

[3] The Court finds 29 C.F.R. §1620.9, entitled "Meaning of 'establishment,'" instructive:

*Doe*, 2014 WL 5465599, at *11 (denying defendant's motion for summary judgment as to whether individual carnivals should be found to be relevant "establishments," citing 29 C.F.R. § 1620.9(a)). Because the factual record is not fully developed on this question, the Court declines to decide it at this early stage of the case.

    C.  Seven Month Requirement

CGI claims that it is exempt from FLSA coverage pursuant to 29 U.S.C. §213(a)(3)(A) because it "does not operate for more than seven months in any calendar year." CGI argues that because an "establishment" is defined as a "distinct physical place of business," the relevant inquiry is the length of time each physically separate Rock 'n' Roll Marathon/Half-Marathon Series event operates, not the length of time the whole series operates. (ECF No. 26-1 at 9 (citing *Chen*, 6 F. Supp. 3d at 459, n.8 ("what matters in this case is the duration of MLB's

---

    (a) Although not expressly defined in the FLSA, the term "establishment" had acquired a well settled meaning by the time of enactment of the Equal Pay Act. It refers to a distinct physical place of business rather than to an entire business or "enterprise" which may include several separate places of business. Accordingly, each physically separate place of business is ordinarily considered a separate establishment.

    (b) In unusual circumstances, two or more portions of a business enterprise, even though located in a single physical place of business, may constitute more than one establishment. For example, the facts might reveal that these portions of the enterprise are physically segregated, engaged in functionally separate operations, and have separate employees and maintain separate records. Conversely, unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment. For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions. Barring unusual circumstances, however, the term "establishment" will be applied as described in paragraph (a) of this section.

Although CGI tries to limit this regulation to only the equal pay context, the Court finds that this section may be applicable to the "unusual circumstances" here.

operations at the Javits Center—a physically distinct location where the plaintiff was employed—not MLB's operations as a whole")). CGI claims that the Rock 'n' Roll events satisfy this requirement because each even takes place at a different physical location over the course of only three days. (ECF No. 26-1 at 9).

Again, the Court finds that it cannot determine whether this requirement has been met based upon the record before the Court. As previously stated, the Court is unclear as to what CGI's "establishment" is based upon the allegations presented to the Court. Therefore, the Court must also defer its determination regarding whether this "establishment" "does not operate for more than seven months in any calendar year" until the factual record is more clearly developed.

## II.     Employees

The FLSA defines "employ" as "to suffer or permit to work." (29 U.S.C. §203(g)). CGI contends that Liebesman was not an employee because she had no expectation of compensation and it does not matter that CGI is a for-profit company. (ECF No. 26-1 at 10-12) (citing *Okoro v. Pyramid 4 Aegis*, No. 11-C-267, 2012 WL 1410025, at *8 (E.D. Wis. Apr. 23, 2012)("But, to say that one cannot under any circumstances volunteer for a for-profit entity might be too sweeping a statement," but ultimately holding that the plaintiff should have been paid for her training). CGI argues that Liebesman volunteered only twice in two years, had no expectation of future employment with CGI or other compensation. (ECF No. 26-1 at 12-13).

Liebesman argues that she was an employee of CGI under the plain text of the FLSA because CGI suffered or permitted her to work. (ECF No. 33 at 9-10). Liebesman argues that she does not fit within the two narrowly circumscribed exceptions for "volunteers" in the FLSA, which do not include for-profit entities. *See* 29 U.S.C. §203(e)(2)-(4), (e)(5). Liebesman refers to a Department of Labor opinion letter that "[u]nder the FLSA individuals may not volunteer

services to private sector for profit employers." Opinion Letter Fair Labor Standards Act (FLSA), 1999 WL 1788145, at *2. Liebesman encourages this Court to apply the economic realities test and determine that she was not a volunteer because CGI set the work rules, assignments and conditions of employment for the "volunteer" employees, provided training and instruction to the "volunteer" employees, and paid some employees to perform the same work as the "volunteer" employees. (ECF No. 33 at 12-13).

The test of employment under the FLSA is one of "economic reality." *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 301 (1985) ("associates" who worked for a nonprofit religious organization which provided them with food, clothing and shelter but no salary, were employees even though they did not believe they were covered under the FLSA). At this stage of the litigation, the Court cannot hold as a matter of law that Liebesman was not an employee of CGI. Liebesman alleges that she was "suffered to work" for CGI and did not obtain compensation for her efforts. As such, she states a claim and the factual record must be developed to determine whether she was an employee or a volunteer under the economic realities test. The Court denies, without prejudice, CGI's motion to dismiss Liebesman's FLSA claim.

### III.   State Law Claims

CGI argues that this Court should decline to exercise supplemental jurisdiction over the state law claims once it dismisses Liebesman's FLSA claim. (ECF No. 26-1 at 13). CGI argues that Liebesman has not plausibly alleged how the representation that the Rock 'n' Roll Marathon/Half-Marathon Series events "revolved around helping charities" was false. (ECF No. 34 at 13). CGI further contends that Liebesman has failed to allege her fraud claim with particularity because she contends that CGI told her that the Rock 'n' Roll Marathon/Half-Marathon Series events supported local charities. CGI maintains this representation is correct

because the series contributes to charities' ability to fundraise and promote their causes. (ECF No. 26-1 at 14). CGI claims that the mere fact that CGI, a for-profit entity, benefits "does not preclude the possibility that charities are benefited as well." (ECF No. 26-1 at 14). Further, CGI notes that Liebesman "does not allege that CGI ever told her (or any putative class member) that it was a non-profit organization" and that such information was readily available to her. (ECF No. 26-1 at 14-15).

In response, Liebesman contends that she adequately pleaded her claim for fraud. (ECF No. 33 at 14-15). She maintains that she alleges the time, manner and circumstances of specific misrepresentations. Liebesman alleges that CGI's "Industry Alliances Coordinator," Jennifer Nanista, solicited volunteers from Plaintiff's bicycle club by telling them that the 2011 Rock 'n' Roll Marathon "revolved around helping charities." Liebesman further alleges that between September and October 2011, CGI's employee Liz Davis emailed Liebesman the volunteer registration instructions, including a link to a "volunteer website" that represented that volunteers "would be supporting local charities with their labor." Further, Liebesman alleges that she agreed to volunteer in the 2012 Series race in St. Louis based upon similar representations from Nanista. Liebesman also contends that such representations are consistent with her allegation of a "broader scheme or plan to enlist a 'volunteer' labor force by means of misrepresentation." (ECF No. 33 at 15). In sum, she claims that these allegations are not bald or conclusory but are supported by her allegations in the complaint, cited above.

The Court denies CGI's motion to dismiss the state law claims. First, the Court has denied CGI's motion to dismiss Liebesman's FLSA claim at this time. Therefore, the Court will also continue to exercise supplemental jurisdiction over Liebesman's state law claims as well. In addition, the Court believes that Liebesman has sufficiently alleged her fraud claim. "To succeed

in a fraud claim under Missouri law, a plaintiff must prove: (1) a defendant made a material representation; (2) with knowledge of its falsity; (3) with intent that plaintiff rely on that representation; (4) that the plaintiff was ignorant of the falsity; (5) that the plaintiff justifiably relied upon the representation; and (6) that plaintiff was damaged by that representation." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 862 (8th Cir. 2010). "A [fraud] complaint subject to Rule 9(b) 'must identify who, what, where, when, and how.'" *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015) (citing *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (quotation omitted)). "It must 'specify[] the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.'" *Id.* The parties seem to disagree about whether CGI fraudulently claimed that the Rock 'n' Roll Marathon Series had any charitable purpose and whether CGI failed to disclosed to its "volunteers" that was not a charitable entity. This seems to be an issue of fact that can be determined through discovery, rather than a pleading deficiency under Fed. R. Civ. P. 9(b). Liebesman has adequately alleged statements that she claims were false and that she relied on. Later in this litigation, the Court will determine whether such statements are false based upon a full record. Therefore, the Court denies CGI's motion to dismiss, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Collective Class Action Complaint (ECF No. 26) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conditional Class Certification Under the Fair Labor Standards Act or Class Certification Under Fed. R. Civ. P. 23 and Request

- 13 -

for Discovery/Briefing Schedule (ECF No. 6) is **DENIED** without prejudice.  Plaintiff can refile her motion for conditional class certification in accordance with the case management order that will be entered by the Court.

Dated this 11th day of May, 2015.

                                                    */s/ Ronnie L. White*
                                                   **RONNIE L. WHITE**
                                                   **UNITED STATES DISTRICT JUDGE**