UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| YVETTE JOY LIEBESMAN, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:14-CV-1653 RLW |
| v. | ) ) ) | |
| COMPETITOR GROUP, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Renewed Motion for Conditional Class Certification and Court-Authorized Notice Pursuant to §216(b) of the FLSA (ECF No. 53) and Defendant's Motion for Summary Judgment as to Count I (ECF No. 65). These matters are fully briefed and ready for disposition.

## BACKGROUND

Defendant Competitor Group, Inc. ("Defendant") operates the Rock 'n' Roll Marathon/Half-Marathon Series of races. (Amended Complaint and Class Action Complaint ("Complaint" or "Compl."), ECF No. 23, ¶¶7-8). The Rock 'n' Roll Marathon/Half-Marathon Series has been staged in approximately twenty-four locations, including the St. Louis Rock 'n' Roll Marathon/Half Marathon. (Compl., ¶8). Plaintiff Yvette Joy Liebesman alleges that she "volunteered" as a bicycle escort on October 21, 2012 for the Rock 'n' Roll Marathon in St. Louis, Missouri. (Compl., ¶6). Plaintiff claims that she was led to believe that her labor would be in support of local charities, the community, and other charitable purposes. (Compl., ¶54).

However, Plaintiff maintains that this was incorrect and she worked without proper compensation.

Plaintiff purports to represent the following class:

> All persons who expended their time, labor, and efforts, purported in a volunteer capacity, on behalf of Defendant Competitor Group, Inc., in operating events in the Rock 'n' Roll Marathon from October 21, 2012 until present.

(Compl., ¶66). Plaintiff alleges claims for violations of the Fair Labor Standards Act ("FLSA"), violations of state minimum wage laws, unjust enrichment, and fraud.

The Court finds that ruling on Defendant's Motion for Summary Judgment prior to ruling on Plaintiff's Motion for Conditional Class Certification is appropriate because the Motion for Summary Judgment is dispositive of the issues at hand. The Court will defer ruling on Plaintiff's Motion for Conditional Class Certification, particularly because the class representative's claim is untenable. "Deciding dispositive motions first can avoid costly litigation associated with class certification because 'if the court determines that the named plaintiffs' claims lack merit, such a decision ordinarily, though not invariably, disqualifies the named plaintiffs as proper class representatives, thus resolving the issue of class certification.'" *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 368 (D. Minn. 2013) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 630 (7th Cir.2001) (alteration and internal quotation marks omitted)); *see also Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir.1984) ("To require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake."); *see also Thompson v. County of Medina, Oh.*, 29 F.3d 238, 241 (6th Cir. 1994); *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir.1984)("It is reasonable to consider a Rule 56 motion first [(before ruling on a motion for class certification)] when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from

needless and costly further litigation."); *McCall v. Monro Muffler Brake, Inc.*, No. 4:10CV269 JAR, 2013 WL 1282306, at *2 (E.D. Mo. Mar. 27, 2013).

## DISCUSSION

I.  MOTION FOR SUMMARY JUDGMENT

### A. Motion for Summary Judgment Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to

determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Finally, "[t]here is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson*, 643 F.3d at 1043 (citing *Fercello v. County of Ramsey,* 612 F.3d 1069, 1077 (8th Cir. 2010), *citing Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1118 (8th Cir. 2006), *and quoting Berg v. Norand Corp.,* 169 F.3d 1140, 1144 (8th Cir. 1999)).

### B. Failure to File Written Consent to be a Party to the FLSA Collective Action

The FLSA sets forth the consent requirement:
> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *Acosta v. Tyson Foods, Inc.,* 800 F.3d 468, 471-72 (8th Cir. 2015). In *Acosta*, the employees brought claims "by themselves and on behalf of other similarly situated individuals" and asked for the court to allow them to proceed "as a collective action pursuant to 29 U.S.C. §216(b)." The Eighth Circuit noted that Acosta was required to file a timely consent because his complaint alleged a collective action. *Id.*, 800 F.3d at 472. The Eighth Circuit held that because Acosta failed to file a written consent "before the statute of limitations expired, the district court should have dismissed Acosta's claim under the FLSA." *Acosta*, 800 F.3d at 472 (citing *Harkins v. Riverboat Servs., Inc.,* 385 F.3d 1099, 1101–02 (7th Cir. 2004)); *see also Gomez v. Tyson Foods, Inc.*, 799 F.3d 1192, 1194 (8th Cir. 2015) ("an employee must file a written consent within the statute of limitations to proceed as a party plaintiff when a claim under

determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Finally, "[t]here is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson*, 643 F.3d at 1043 (citing *Fercello v. County of Ramsey,* 612 F.3d 1069, 1077 (8th Cir. 2010), *citing Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1118 (8th Cir. 2006), *and quoting Berg v. Norand Corp.,* 169 F.3d 1140, 1144 (8th Cir. 1999)).

### B. Failure to File Written Consent to be a Party to the FLSA Collective Action

The FLSA sets forth the consent requirement:
> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *Acosta v. Tyson Foods, Inc.,* 800 F.3d 468, 471-72 (8th Cir. 2015). In *Acosta*, the employees brought claims "by themselves and on behalf of other similarly situated individuals" and asked for the court to allow them to proceed "as a collective action pursuant to 29 U.S.C. §216(b)." The Eighth Circuit noted that Acosta was required to file a timely consent because his complaint alleged a collective action. *Id.*, 800 F.3d at 472. The Eighth Circuit held that because Acosta failed to file a written consent "before the statute of limitations expired, the district court should have dismissed Acosta's claim under the FLSA." *Acosta*, 800 F.3d at 472 (citing *Harkins v. Riverboat Servs., Inc.,* 385 F.3d 1099, 1101–02 (7th Cir. 2004)); *see also Gomez v. Tyson Foods, Inc.*, 799 F.3d 1192, 1194 (8th Cir. 2015) ("an employee must file a written consent within the statute of limitations to proceed as a party plaintiff when a claim under

determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Finally, "[t]here is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson*, 643 F.3d at 1043 (citing *Fercello v. County of Ramsey,* 612 F.3d 1069, 1077 (8th Cir. 2010), *citing Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1118 (8th Cir. 2006), *and quoting Berg v. Norand Corp.,* 169 F.3d 1140, 1144 (8th Cir. 1999)).

### B. Failure to File Written Consent to be a Party to the FLSA Collective Action

The FLSA sets forth the consent requirement:
> An action ... may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *Acosta v. Tyson Foods, Inc.,* 800 F.3d 468, 471-72 (8th Cir. 2015). In *Acosta*, the employees brought claims "by themselves and on behalf of other similarly situated individuals" and asked for the court to allow them to proceed "as a collective action pursuant to 29 U.S.C. §216(b)." The Eighth Circuit noted that Acosta was required to file a timely consent because his complaint alleged a collective action. *Id.*, 800 F.3d at 472. The Eighth Circuit held that because Acosta failed to file a written consent "before the statute of limitations expired, the district court should have dismissed Acosta's claim under the FLSA." *Acosta*, 800 F.3d at 472 (citing *Harkins v. Riverboat Servs., Inc.,* 385 F.3d 1099, 1101–02 (7th Cir. 2004)); *see also Gomez v. Tyson Foods, Inc.*, 799 F.3d 1192, 1194 (8th Cir. 2015) ("an employee must file a written consent within the statute of limitations to proceed as a party plaintiff when a claim under

the FLSA is pleaded as a collective action"); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004)("The statute is unambiguous: if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party. It makes no difference that you are named in the complaint, for you might have been named without your consent."). This binding Eighth Circuit authority requires this Court to dismiss, with prejudice, Plaintiff's FLSA claim. *Acosta*, 800 F.3d at 472; *Gomez*, 799 F.3d at 1194. Because Plaintiff did not file her consent until after 3 years from the accrual of her action, her FLSA claim is time-barred under Eighth Circuit precedent.

As discussed herein, Plaintiff tries to avoid this result by contending that she filed another document that served as her consent or that she is subject to one of several exceptions applies. (ECF No. 73).

**1. Discovery and Other Documents Filed in this Case**

Plaintiff maintains that her motions for conditional class certification, declaration and interrogatories satisfy the written consent requirement of the FLSA. *See* ECF Nos. 73 at 4-8; 74 at 2-3. In her interrogatories and declaration, Plaintiff describes her personal knowledge of her duties as a volunteer. Plaintiff does not cite to any part of either her interrogatories or her declaration where she expresses her consent to become a party plaintiff.

The Court holds that the documents Plaintiff identifies in the Court record do not constitute a written to consent to being a party plaintiff. The Eighth Circuit has been instructive regarding what is not sufficient for consent. In *Acosta*, the Eighth Circuit found that Acosta's three separate sets of interrogatory answers and deposition, which was filed in support of the Motion for Class Certification, were not sufficient to demonstrate consent. (ECF No. 76 at 5-6). Likewise, in *Gomez*, the Eighth Circuit held that Gomez's interrogatory answers and his

deposition, which was used in support of the Motion for Class Certification, were not enough to demonstrate consent. (ECF No. 76 at 6). District Courts have likewise held that a plaintiff must provide more than the interrogatories and declarations, which are present in this case, to demonstrate that plaintiff's consent to being a party plaintiff. *See Perkins v. S. New England Tel. Co.*, No. CIV.A. 3:07-CV-967JC, 2009 WL 3754097, at *3, n. 2 (D. Conn. Nov. 4, 2009)(holding that Perkins' Declaration as part of her severance package that said she "did not release any claims relating to unpaid overtime wages which are the subject of this litigation" was insufficient to stand in as her consent form in an FLSA action); *Ketchum v. City of Vallejo*, No. CIV. S051098RRBJFM, 2007 WL 4356137, at *2 (E.D. Cal. Dec. 11, 2007)(holding action was not properly commenced until April 11, 2007 when Plaintiff filed an "amended declaration with the court attesting that: 'I indicated my consent to be a party plaintiff to this lawsuit by agreeing to be an original named plaintiff. Therefore, I have already indicated my consent, and I continue to consent to participate in this action.'"); *cf. Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1148–49 (5th Cir. 1970) (consent form consisting of a typewritten statement requesting that "legal action be taken to secure my claim for me due me under the Fair Labor Standards Act," followed by the plaintiff's signature, sufficiently constituted written consent because it clearly established an intent to become a party plaintiff). The Court holds Plaintiff's other filings do not demonstrate her consent to act as a party plaintiff as a matter of law.

2. **Equitable Tolling**

Plaintiff further contends that this Court should equitably toll Plaintiff's FLSA claim to allow her to bring her federal claim. (ECF No. 73 at 8-9). Plaintiff claims that the delay in filing her consent was the result of the "substantial delay caused by Defendant's motion practice." (ECF No. 73).

"'The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if he has been prevented from doing so due to inequitable circumstances.'" *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (quoting *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006)). "Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling is an exception to the rule, and should therefore be used only in exceptional circumstances." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (quotation omitted); *see Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008) ("Equitable tolling is an exceedingly narrow window of relief." (quotation omitted)); *Pecoraro*, 435 F.3d at 875 ("Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim."). Plaintiff, as the party claiming the benefit of an exception to the operation of a statute of limitations, bears the burden of showing that she is entitled to equitable tolling." *Motley*, 295 F.3d at 824; *Firstcom, Inc.*, 555 F.3d at 675. This generally involves "establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [its] way." *Riddle*, 523 F.3d at 857 (*quoting Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir.2006)).

The court sees no reason to toll the statute of limitations for Plaintiff's individual claims. *See Perkins v. S. New England Tel. Co.*, No. CIV.A. 3:07-CV-967JC, 2009 WL 3754097, at *6 (D. Conn. Nov. 4, 2009). Plaintiff has not identified any circumstance that prevented her, a Saint Louis University Law Professor, from filing her consent to be a party to this action. That is, the circumstances that prevented Plaintiff from filing her consent to the FLSA were not "truly beyond the control of [Plaintiff]...." *See Pecoraro*, 435 F.3d at 875 (quotation omitted); *Firstcom, Inc.*, 555 F.3d at 675. Rather, Plaintiff's failure to file a consent seems to be "garden

variety" claims of excusable neglect. *Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011); *Frazier v. Vilsack*, 419 F. App'x 686, 689 (8th Cir. 2011). Accordingly, the doctrine of equitable tolling does not apply.

### 3. Waiver of Statute of Limitations

Finally, Plaintiff argues that Defendant waived statute of limitations by not naming this as a defense. (ECF No. 73 at 9-11). Defendant's Thirteenth Additional Defense in its Answer to Plaintiff's Amended Collective and Class Action states, in pertinent part, "The Amended Complaint and each claim for relief alleged therein, is barred in whole or in part by the applicable statute of limitations and/or deadlines for initiating a claim." (ECF No. 41 at 17). The Court holds that this language was sufficient to notify Plaintiff that Defendant would be asserting a statute of limitations defense. *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) ("[W]hile a limitations defense must be asserted in a responsive pleading, it 'need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its *bare assertion*.")(internal quotations omitted); Fed. R. Civ. P. 8(c). Although Defendant's "boilerplate language does not cite the specific statute applicable here, it nevertheless satisfies the requirement of [Rule] 8(c) that affirmative defenses be pleaded." *Zotos*, 121 F.3d at 361 (citation omitted).

Because Plaintiff's FLSA federal claim was not timely filed, the Court dismisses Count I with prejudice.

## II. CLASS CERTIFICATION

Because the Court has dismissed Plaintiff's FLSA claim, Plaintiff's Renewed Motion for Conditional Class Certification and Court-Authorized Notice Pursuant to §216(b) of the FLSA (ECF No. 53) is denied as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment as to Count I (ECF No. 65) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Renewed Motion for Conditional Class Certification and Court-Authorized Notice Pursuant to §216(b) of the FLSA (ECF No. 53) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Court dismisses, without prejudice Plaintiff's state law claims for lack of subject matter jurisdiction.

Dated this 15th day of January, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**